UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DANIEL R. MAROLD, an individual d.b.a.<br>CHILL6,<br><br>　　　　　　　Defendant. | No. 22-cv-11773-DJC |

## UNITED STATES OF AMERICA'S OPPOSITION TO DEFENDANT'S MOTION TO VACATE DEFAULT

The United States of America submits its Opposition to Mr. Marold's Motion to Vacate Default on the grounds that Mr. Marold fails to offer good cause as to why he has not filed an opposition or filed a written answer to the Government's Amended Complaint by the required deadline.

Mr. Marold is in default because he has failed to file a timely answer or responsive pleading to the Government's Amended Complaint within the 21-day deadline set by Fed. R. Civ. P. 12(a)(1)(A)(i) and failed to otherwise defend against the Government's case. *See* Fed. R. Civ. P. 55(a) ("when a party against whom a judgement for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"). Over 140 days have passed since the Government filed its Amended Complaint, nearly four months past the deadline set by the federal rules. And despite Mr. Marold's apparent insistence that he wishes to go to trial in this matter, he has still not answered the Government's Amended Complaint. In his Motion to Vacate Default, Mr. Marold offered no indication that he intended to submit a written response to the Government's Amended Complaint. *See* Dkt. No. 15.

Nor has he presented this Court with a time by which he would respond to the Government's Amended Complaint should the default be vacated. *Id.*

Even if the court determines that the efforts the Government and Mr. Marold undertook between November and mid-December 2022 to reach a possible resolution of this case by way of a voluntary consent decree would represent good cause for failing to respond to the Amended Complaint, *see* Fed. R. Civ. P. 55(c) (providing that "[t]he court may set aside an entry of default for good cause"), any such good cause ended when those efforts proved unsuccessful. Mr. Marold's motion concedes that the Government notified him that it would not accept his unilaterally edited consent decree and, therefore, presumed he wished to move forward with the action. *See* Dkt. No. 15. On December 5, 2023, the Government explicitly informed Mr. Marold that it would not agree to the unilaterally edited consent decree.[1] *See* Ex. 1, December 16, 2023 email thread from Daniel R. Marold to AUSA Steven Sharobem at 5. As the negotiation appeared to be at an end, on December 16, 2023, the Government inquired if Mr. Marold planned to respond to the Government's Amended Complaint. *Id.* Mr. Marold told the Government that he had responded to the complaint by "shut[ting] the business down" -- a fact he reiterates in his Motion to Vacate Default. *Id.*; *see also* Dkt. No. 15. Despite the parties ceasing negotiations in December, Mr. Marold did not answer the Government's Amended Complaint or seek approval from this

---

[1] The government did not raise the details of the settlement negotiations with Mr. Marold in its prior filings to avoid any possible issue concerning Fed. R. Evid. 408. In light of Mr. Marold's discussion of the settlement negotiations in his Motion to Vacate Default, however, the government believes that certain information concerning those negotiations is necessary to provide context concerning defendant's motion. The government does not present any such information to prove or disprove the validity or amount of a disputed claim or to impeach a prior inconsistent statement. *See* Fed. R. Evid. 408.

Court to file a delayed response to the Government's Amended Complaint. Accordingly, Mr. Marold has not presented this Court with good cause why the default should be vacated.

Should the Court decide, however, to vacate the default, the Government respectfully requests that the Court order Mr. Marold to answer the Government's Amended Complaint or file a responsive pleading by a date certain to not exceed 21 days from the Court's order.

## CONCLUSION

For the reasons set forth above, the government requests that this Court deny Mr. Marold's Motion to Vacate Default.


Dated: March 9, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ARUN G. RAO
Deputy Assistant Attorney General
AMANDA LISKAMM
Acting Director
Consumer Protection Branch

MANU J. SEBASTIAN
Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
450 5th Street, N.W.
Washington, DC 20530
Phone: (202) 514-0515
manu.j.sebastian@usdoj.gov


OF COUNSEL:

MARK RAZA
Chief Counsel
Food and Drug Administration

Respectfully submitted,

RACHAEL S. ROLLINS
UNITED STATES ATTORNEY

By its attorney,


/s/ *Steven T. Sharobem*
STEVEN T. SHAROBEM
Assistant United States Attorney
John Joseph Moakley Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210
Phone: (617) 748-3355
steven.sharobem@usdoj.gov

PERHAM GORJI
Deputy Chief Counsel, Litigation

SETH I. HELLER
Associate Chief Counsel
Office of the Chief Counsel
Food and Drug Administration
10903 New Hampshire Avenue
Building 31
Silver Spring, MD 20993-0002
240-402-6502
seth.heller@fda.hhs.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that, on the 10th, day of March, 2023, the foregoing document, filed through the ECF system, will be sent via e-mail and certified mail to the defendant:

Daniel R. Marold
26 Valley Forge Circle
West Boylston, MA 01583
Dan28jam@hotmail.com

                                                     */s/ Steven T. Sharobem*
                                                     Steven T. Sharobem